48 CCPA

**PRESTIGE GROUP LIMITED,**
Appellant,

v.

**HOME DECORATORS, INC., Appellee.**

**Patent Appeals Nos. 6678, 6679.**

United States Court of Customs and Patent Appeals.

July 12, 1961.

Fidler, Beardsley & Bradley, Chicago, Ill. (Roy E. Petherbridge, Raymond E. Fidler, and Charles W. Bradley, Jr., Chicago, Ill., of counsel), for appellant.

Thomson & Roessel, Pittsford (Theodore B. Roessel and John R. Schovee, Pittsford, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board, 123 U.S.P.Q. 553, sustaining two consolidated oppositions to two registrations of "PRESTIGE," one, Appeal No. 6678, as a trademark for cooking vessels, baking pans, canisters, top of stove oven units, strainers, and sifters, none being of precious metal or coated therewith, and the other, Appeal No. 6679, as a trademark for culinary tools, namely, cutlery, forks and spoons, none being of precious metal or coated therewith.

The applicant for both registrations, appellant here, is the Prestige Group Limited, incorporated under the laws of England and having its principal office in London, England. Applicant is owner of two British trademark registrations of "PRESTIGE" as a trademark for two classes of merchandise.[1] The two U. S. trademark applications at issue were filed on February 15, 1957, under Section 44(b) of the Lanham Act, 15 U.S.C.A. § 1126(b), permitting registration of trademarks by nationals of foreign countries.

The opposer-appellee is Home Decorators, Inc., owner of the registered marks, "PRESTIGE"[2] and "PRESTIGE****PLATE,"[3] for silver plated flatware.

During the period February 4, 1944, to September 24, 1954, opposer's silver plated flatware bore the mark "PRESTIGE****PLATE." After the latter date, opposer started to use and still uses "PRESTIGE" as a trademark on silver plated flatware and carving sets.

Opposer sells its silver plated flatware directly to the ultimate consumer. A sales representative goes to the home of a prospective purchaser. Orders obtained thereby are submitted to opposer's home office for acceptance and the goods are shipped directly to the customer's home. Opposer's flatware has not been sold through any other channels of trade and has been widely advertised on television and in nationally distributed consumer magazines.

It has been stipulated that applicant's merchandise is distributed through wholesale, retail and jobber outlets.

After noting that applicant has not disputed that opposer is the prior user of "PRESTIGE," and finding that the only question was that of likelihood of confusion, the board sustained both oppositions, stating in part:

"In the present case, the goods of the parties are in part competitive

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

1. British Reg. No. 652,099, issued September 30, 1946, corresponds to the U. S. application which is the basis of Appeal No. 6678. The goods included in said British registration are described therein as: "non-electric cooking and kitchen utensils, none being of precious

metal or coated therewith." British Reg. No. 654,696, issued December 17, 1946, corresponds to the U. S. application which is the basis of Appeal No. 6679. The goods included in the latter British registration are described therein as: "hand tools and instruments; cutlery, forks and spoons; side arms."

2. Reg. No. 659,795, issued March 25, 1958.

3. Reg. No. 416,948, issued October 9, 1945 and republished August 28, 1951 under the act of 1946.

and otherwise comprise closely related utensils for preparing and serving food. Such goods are adaptable for sale through the same trade channels, and the ultimate purchasers thereof are the same. Under these circumstances, it is concluded that confusion or mistake or deception of purchasers is quite likely to occur, with resulting damage to opposer."

■ We stated in Home Decorators, Inc. v. Ekco Products Co., Cust. & Pat. App., 292 F.2d 296, that "Prestige" is a common English word suggesting that the goods to which it is applied have attained a commanding position or are highly regarded, and under these circumstances, the scope of protection will be more limited than when an arbitrary or fanciful word is involved.

■ Certain facts in the two cases before us now are about the same as those involved in Ekco Products. However, there are some significant differences. For all intents and purposes, the marks [4] are the same. The channels of trade are different now but future methods of distribution of opposer's products must be considered. In the case of Appeal No. 6678, involving kitchen utensils, even if these items were sold in the same store as the flatware of opposer, we think it is unlikely that confusion would result. However, in the case of Appeal No. 6679, involving culinary tools, namely cutlery, including carving sets, forks and spoons and steak knives, we think it is likely that confusion would result from sale of these in the same store where the silver plated flatware of opposer is sold.

As to the merchandise itself, we are of the same opinion with regard to items listed in Appeal No. 6678 (cooking vessels, baking pans, food containers, etc.) as we were with reference to the merchandise in the Ekco Products case, i. e., there is no likelihood of confusion if the appellant-applicant uses "PRESTIGE" as a trademark. However, we take a differ-

ent view with reference to the goods involved in Appeal No. 6679. Not only are some of these items related, but in one instance at least, they are similar, viz., carving sets. Obviously, when the same trademark is used on similar or closely related merchandise, there is a likelihood of confusion or mistake or deception of purchasers even though the mark is a common English word used in a suggestive manner.

For these reasons, we *affirm* the decision of the Trademark Trial and Appeal Board in Appeal No. 6679. However, we *reverse* the decision of the board in Appeal No. 6678.

Modified.

---

4. For this discussion, we draw no significant distinction between "PRESTIGE" and "PRESTIGE * * * * PLATE."